JUSTICE RICE,
dissenting.
¶30 The Court acknowledges that the District Court’s analysis under Ariegwe is incomplete, but does not regard the error as significant. Opinion, ¶ 27. The Court summarily concludes that prejudice has been demonstrated, but in so doing does not analyze whether Hardaway’s defense was impaired-despite the recognition in our previous cases and by the U.S. Supreme Court that this is a critical component in consideration of prejudice. See Barker v. Wingo, 407 U.S. 514, 532, 92 S. Ct. 2182, 2193 (1972) (impairment of defense is the “most serious” form of prejudice, ‘because the inability of a defendant to adequately *497 prepare his case skews the fairness of the entire system”). I believe the District Court’s analysis was flawed and fatal to its ultimate decision, and I would not affirm it.
¶31 When it considered prejudice the first time, prior to our remand for reconsideration under Ariegwe, the District Court determined that the ‘Defendant has suffered little, if any, prejudice,” and, concerning the impairment of defense, stated that “the Defendant’s defense has not been impaired. If anything the amount of time that has passed has hindered the State’s case.”The court also found that the facts did not support the Defendant’s claim that the delay had caused him increased anxiety, or that the pre-trial incarceration was unduly oppressive. Then, following remand for reconsideration, the District Court determined that “the facts have not changed.” In other words, Hardaway still had suffered little, if any, prejudice and, importantly, his defense still had not been impaired. Thus, what remained was the application of the new Ariegwe test to these facts.
¶32 However, the District Court substantially abandoned the approach under Ariegwe and analyzed prejudice by relying upon U.S. v. Rucker, 464 F.2d 823 (D.C. Cir. 1972), which held that a delay of greater than a year and a half virtually eliminates a defendant’s burden to show the delay caused him any prejudice. However, we have not adopted such a rule. On the contrary, we held in Ariegwe:
Thus, while both parties should come forward with evidence on the question of prejudice, the court must weigh each party’s evidence (or lack thereof) in light of this intensifying presumption. Specifically, as the delay gets longer, the necessary showing by the accused of particularized prejudice decreases while the necessary showing by the State of no prejudice simultaneously increases.
Ariegwe, ¶ 143 (emphasis added). The holdings in Ariegwe and in the seminal Barker case emphasize the importance of this approach to analyzing prejudice. Both cases involved substantial delay attributable to the State, but both cases nonetheless determined that the respective defendant’s rights to speedy trial had not been violated. Yet, here the District Court did not consider the lack of evidence that Hardaway had been prejudiced. Relying upon the Rucker rule, it concluded that “the State has gone beyond the one and a half years, and the State has been unable to provide justification which convincingly outweighs the prejudice which can be normally assumed.” (emphasis added). The Court summarily affirms the District Court.
¶33 Based upon the District Court’s determination that the facts have *498 not changed (Hardaway’s defense has not been impaired, he did not sustain inordinate anxiety and his incarceration was not oppressive), and given the proper test to be applied under Ariegwe, I would conclude the evidence did not establish that Hardaway sustained the kind of significant prejudice which, upon balancing of the factors, requires the conclusion that his right to a speedy trial was violated. Therefore, I would reverse.